UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED

SEP 1 0 2008

*********************************************************************

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 02-30112 |
|  | * |  |
| Plaintiff, | * |  |
|  | * | OPINION AND ORDER |
| -vs- | * | DENYING MOTION FOR |
|  | * | EXTENSION OF TIME |
| BERNARD J. DRAPEAU, JR., | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

*********************************************************************

Defendant was convicted of the crimes of distribution of methamphetamine and possession of methamphetamine with intent to distribute and was sentenced on January 12, 2004, to consecutive terms of 240 months and 84 months custody. He appealed and on July 12, 2005, the United States Court of Appeals for the Eighth Circuit affirmed his conviction but remanded for resentencing pursuant to United States v. Booker, 125 S.Ct. 738 (2005). The United States Supreme Court denied his petition for a writ of certiorari on January 9, 2006. Defendant was resentenced on February 24, 2006, to consecutive terms of 240 months and 22 months custody. Defendant appealed his sentence and on December 26, 2006, the Eighth Circuit affirmed. The Supreme Court denied his petition for a writ of certiorari on June 29, 2007.

Defendant filed a motion for extension of time to file a motion to vacate pursuant to 28 U.S.C. § 2255 on September 4, 2008. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations on motions by prisoners seeking to vacate, set aside, or correct their federal sentences. Johnson v. United States, 544 U.S. 295, 299, 125 S.Ct. 1571, 1575, 161 L.Ed.2d 542 (2005). Any motion to vacate defendant's sentence was due on June 28, 2008.

Defendant is entitled to equitable tolling of the one year period of limitations only "where extraordinary circumstances beyond [his] control prevent timely filing." E.J.R.E. v. United

States, 453 F.3d 1094, 1098 (8th Cir. 2006).  He "must also demonstrate he acted with due diligence in pursuing his petition."  *Id.*

Defendant contends in his motion for an extension of time that he arrived at FCI Waseca on October 10, 2007, and began working on his § 2255 motion.  He states that he was placed in the special housing unit on June 12, 2008, without his property, including his legal papers.  His papers show his property, including his legal work, were returned to him on August 7, 2008, past the date for timely filing a motion to vacate.  Defendant has not made any showing why he was unable to file his motion to vacate prior to June 12, 2008.  A statute of limitations period does not excuse dilatoriness until the end.  One cannot sit on one's rights until the last minute and then complain of being prevented from acting within the limitations period.  Defendant has not shown extraordinary circumstances beyond his control which made it impossible for him to timely file his motion to vacate or set aside sentence within the first 11 1/2 months after the Supreme Court denied his petition for a writ of certiorari.

Now, therefore,

IT IS ORDERED that the motion for an extension of time, Doc. 151, is denied.

Dated this _10th_ day of September, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:

DEPUTY

(SEAL)

2